IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAMERA E. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2568-JDT-cgc |
| | ) | |
| MGA INSURANCE COMPANY, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 27, 2015, Plaintiff Tamera E. Ingram, a resident of Memphis, Tennessee, filed a *pro se* civil complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On December 28, 2015, U.S. Magistrate Judge Charmiane G. Claxton issued an order granting leave to proceed *in forma pauperis* (ECF No. 7 at 1-2) and a Report and Recommendation ("R&R") for dismissal of the case (*id.* at 4-6). Objections to the R&R were due on or before January 14, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

Plaintiff has sued MGA Insurance Company, Inc. ("MGA") and Nicole Whitlock, apparently in connection with a previous lawsuit Plaintiff brought against Whitlock in state court, in which Plaintiff was awarded a judgment of $5,181.50. However, Plaintiff does not

specify the relief she seeks in this case. In the R&R, Magistrate Judge Claxton determined that the complaint sets forth no factual basis to support either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, she recommended dismissal for lack of subject matter jurisdiction.

Having reviewed the pleadings and the law, the Court agrees with the Magistrate Judge's recommendation for dismissal. The issuance of a more detailed written opinion is unnecessary. Therefore, the R&R is hereby ADOPTED, and the complaint is DISMISSED for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE